UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

JOAO NSUMBO MANUEL

      v.                                                Civil No. 26-cv-085-PB-AJ

FCI BERLIN WARDEN ET AL. [1]

**O R D E R**

Petitioner, a civil immigration detainee from Angola, filed this Petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1), asserting claims of unlawful detention in violation of his federal rights. Petitioner is currently at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin") in United States Immigration and Customs Enforcement ("ICE") custody. The Petition is before the court to determine if the claims asserted are not facially invalid and may proceed. See 28 U.S.C. § 2243; Rules 1(b) & 4 of the Rules Governing Section 2254 Cases; LR 4.3(d)(4).

Petitioner came to the United States on December 24, 2023. Border patrol agents briefly detained Petitioner, issued a Notice to Appear, and released him into the United States.

The Chelmsford Immigration Court on September 25, 2026 ordered Petitioner removed to Angola. Petitioner appealed that decision, and Petitioner's appeal remains pending before the Board of Immigration Appeals.

State or local law enforcement officers in Maine or Massachusetts arrested Petitioner for driving under the influence in late 2025 or early 2026. It is unclear whether Petitioner is the

---

[1] The Petition identifies Amy Boncher in her official capacity as a Respondent. The FCI Berlin Warden, Petitioner's immediate custodian, is the proper Federal Bureau of Prisons Respondent. The clerk's office is directed to update the docket to add the FCI Berlin Warden as a Respondent. The court declines to serve Ms. Boncher at this time.

subject of any pending charges relating to that arrest. ICE agents took Petitioner into custody after that arrest.

Petitioner claims that his current and continued detention in ICE custody without possibility of release on bond violates the Fifth Amendment Due Process Clause and the Immigration and Naturalization Act. Petitioner seeks immediate court-ordered release from custody or a bond hearing under 8 U.S.C. § 1226(a).

Petitioner appears to be a member of the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS (D. Mass.), and thereby to be entitled to the class-wide relief granted by that court. See 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025), appeal docketed, No. 26-1094 (1st Cir. Jan. 26, 2026). Petitioner also appears to be similarly situated to the petitioner granted similar relief on grounds of procedural due process in Destino v. FCI Berlin Warden, 2025 DNH 149, 2025 WL 4010424 (D.N.H. Dec. 24, 2025).

Petitioner's claims warrant service. Therefore, the Clerk's Office shall:

- Provide an electronic copy of this Order and the Petition (Doc. No. 1) to the Civil Bureau Chief of the Office of the U.S. Attorney for the District of New Hampshire as soon as is practicable;

- Deliver a copy of the same documents to the U.S. Attorney for the District of New Hampshire, to the attention of the Civil Process Clerk;

- Send copies of the same documents by certified mail to:

    o **Warden, FCI Berlin,** 1 Success Loop Rd., Berlin, NH 03570;

    o **Director, Boston Field Office, U.S. Immigration and Customs Enforcement**, 1000 District Ave., Burlington, MA 01803; and

    o **U.S. Attorney General**, 950 Pennsylvania Ave. NW, Washington, D.C. 20530.

Respondents shall file an answer or dispositive motion in response to the claims in the Petition within seven days of the date of this Order. In their response, the Federal Respondents

are directed to show cause why the Court should not issue an order granting the Petition to the extent of ordering Respondents to afford Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of that order's issuance, based on Petitioner's apparent membership in the Guerrero Orellana class and similarity to the petitioner in Destino.

A hearing on the Petition may be scheduled to occur on or after the date when the Federal Respondent's response is due. Should counsel for Petitioner waive Petitioner's presence at that hearing, the hearing shall occur via video.

Any party may request a status conference at any time, including before service on Respondents is complete.

Respondents shall provide this Court with at least seventy-two hours of advance notice of any scheduled removal or transfer of Petitioner out of this Court's jurisdiction. Such notice shall: (1) be filed in writing on the docket of this proceeding; (2) state the reason for the necessity of such action; and (3) state why the move should not be stayed pending further court proceedings. Notice of Petitioner's release from custody may be provided after the fact.

SO ORDERED.

                                                                                                   _____
                                                                                                   Andrea K. Johnstone
                                                                                                   United States Magistrate Judge

February 5, 2026

cc:     David Teich, Esq.