# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

**<u>Joao Nsumbo Manuel</u>**

     v.                            Case No. 26-cv-85-PB-AJ

**<u>Amy Boncher, Regional Director,</u>**
**<u>FCI Berlin, et al.</u>**

## <u>ORDER</u>

Joao Nsumbo Manuel filed the instant petition for a writ of habeas corpus on February 4, 2026. <u>See</u> Doc. 1. This Court subsequently ordered the government to show cause why I should not grant Manuel's petition to the extent of affording him a bond hearing under 8 U.S.C. § 1226(a), based both on his apparent membership in the class certified in <u>Guerrero Orellana v. Moniz</u> and his similarity to the petitioner granted such relief on procedural due process grounds in <u>Destino v. FCI Berlin</u>. Doc. 2 (citing 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025) and No. 25-cv-374, Doc. 9 (D.N.H. Dec. 24, 2025)).

The government has filed a response to my order in which it concedes that Manuel would receive the same result as the petitioner in <u>Destino</u> were that case's reasoning applied here. <u>See</u> Doc. 5. While the government gestures to certain arguments related to that authoriy—which it remains free

to invoke in future cases notwithstanding the result of this case—it has not substantively developed those arguments here and thus has not shown cause for Manuel's continued detention without a bond hearing.

Accordingly, because I agree with the Court's reasoning in <u>Destino</u>, the government is hereby ordered to afford Manuel a bond hearing under 8 U.S.C. § 1226(a) as soon as practicable. If the government fails to comply, I will grant the writ and set appropriate terms and conditions for Manuel's release during the pendency of his removal proceedings myself.

The government shall file a status report within fourteen days.

SO ORDERED.

/s/ Paul Barbadoro
Paul J. Barbadoro
United States District Judge

February 13, 2026

cc: Counsel of Record